

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

| | |
|---|---|
| Josh Hafetz<br>Assistant U.S. Attorney | 970 Broad Street, 7th floor     973-645-2700<br>Newark, New Jersey 07102     Fax: 973-645-2857 |

November 19, 2015

**By Email & Regular Mail**
Angelo Servidio, Esq.
405 Centre Street
Nutley, New Jersey 07110

   Re:  <u>United States v. Carlos Lopez</u>     Crim. No. 15-87-2

Dear Mr. Servidio:

    This letter sets forth the plea agreement between your client, Carlos Lopez ("LOPEZ") and the United States Attorney for the District of New Jersey ("this Office"). This plea will expire on December 21, 2015 if a fully executed copy of this agreement is not received by this Office on or before that date.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from LOPEZ to a one-count Information, which charges him with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, from at least as early as October 2013 through in and around February 2015, in and around Union County, New Jersey, and elsewhere, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code, Sections 846. If LOPEZ enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against LOPEZ for knowingly and intentionally conspiring with others to distribute and possess with intent to distribute cocaine, and actually possessing with intent to distribute cocaine, from at least as early as October 2013 through in and around February 2015, in and around Union County, New Jersey, and elsewhere. However, in the event that a guilty plea in this

From: Hillard Insurance Age Fax: (619) 383-3830     To:     Fax: +1 (973) 284-0300     Page 3 of 9   12/22/2015 2:18 PM

matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, LOPEZ agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by LOPEZ may be commenced against him, notwithstanding the expiration of the limitations period after LOPEZ signs the agreement.

### Sentencing

The violation of 21 U.S.C. § 846 to which LOPEZ agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life imprisonment, and a maximum fine of the greater of (1) $10,000,000 or (2) twice the gross profits or other proceeds to LOPEZ. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon LOPEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence LOPEZ ultimately will receive.

Further, in addition to imposing any other penalty on LOPEZ, the sentencing judge: (1) will order LOPEZ to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order LOPEZ to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may deny LOPEZ certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, will require LOPEZ to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should LOPEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, LOPEZ may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5)

apply to LOPEZ and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on LOPEZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of LOPEZ's activities and relevant conduct with respect to this case.

## Stipulations

This Office and LOPEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or LOPEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and LOPEZ waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

LOPEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. LOPEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LOPEZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. LOPEZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, LOPEZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against LOPEZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration & Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against LOPEZ.

No provision of this agreement shall preclude LOPEZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that LOPEZ received constitutionally ineffective assistance of counsel.

4

<u>No Other Promises</u>

This agreement constitutes the plea agreement between LOPEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JOSH HAFETZ
Assistant United States Attorney

APPROVED:

MARY E. TOSCANO
Deputy Chief, General Crimes Unit

5

From: Hillard Insurance Age Fax: (619) 363-3830     To:     Fax: +1 (973) 284-0300     Page 7 of 9   12/22/2015 2:28 PM

I have received this letter from my attorney, Angelo Servidio, Esq. I have read it and/or it has been translated for me. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 12/21/2015
CARLOS LOPEZ

                                    5/3/16

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: May 3, 2016
ANGELO SERVIDIO, Esq.

6

## Plea Agreement With CARLOS LOPEZ ("LOPEZ")

### Schedule A

1. This Office and LOPEZ recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and LOPEZ nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence LOPEZ within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and LOPEZ further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. This guideline carries a Base Offense Level of 34 because more than 50 kilograms but less than 150 kilograms of cocaine were involved in the offense. U.S.S.G. § 2D1.1(c)(3).

4. Within the meaning of U.S.S.G. § 5C1.2(a)(2), LOPEZ did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

5. Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

6. Whether LOPEZ meets the criterion set forth in subdivisions (a)(1), (a)(4), or (a)(5) of U.S.S.G. § 5C1.2 has not yet been determined.

7. As of the date of this letter, it is expected that LOPEZ will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and LOPEZ's acceptance of responsibility continues through the date of sentencing, a downward adjustment of two levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

8. As of the date of this letter, it is expected that LOPEZ will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in LOPEZ's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) LOPEZ enters a plea pursuant

7

to this agreement, (b) this Office in its discretion determines that LOPEZ's acceptance of responsibility has continued through the date of sentencing and LOPEZ therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) LOPEZ's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that LOPEZ meets the criteria in 18 U.S.C. § 3553(f)(1-5), LOPEZ will be entitled to a two-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(17), with the result that the total Guidelines offense level applicable to LOPEZ will be 29; and (b) otherwise, the total Guidelines offense level applicable to LOPEZ is 31.

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. LOPEZ knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 31. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.